## DISOSWAY v. WINANT.

### June, 1867.

Reversing 24 *Barb.* 578; S. C., 13 *Abb. Pr.* 216.

The pendency of a certiorari to review the decision of referees upon an appeal in highway proceedings, does not suspend the right of the ref. erees to enforce payment of their fees. Collecting the fees is not executing the order.

The referees' claim for fees is assignable.

Where several appeals taken from the same order are heard together, the referees are entitled to but a single per diem compensation.

Where several appeals are heard together, the appellants are jointly, not jointly and severally, liable, for the fees.

Gabriel Disosway sued Joseph C. Winant, in the supreme court, for fees due referees in certain highway proceedings, the right to which had been, by the referees, assigned to plaintiff.

In October, 1853, the highway commissioners of Westfield, on the application of the present plaintiff, made and filed an order laying out a highway. The present defendant, and three other inhabitants of the town, appealed, separately, from the order, to the county judge, who thereupon appointed three ref-

Disosway *v.* Winant.

erees to hear and determine the appeals. All the appeals were heard together, all the testimony taken was taken on all the appeals, all the appellants appeared by the same counsel, and all the appeals were determined together. But four several decisions of the several appeals were made, affirming the order. The referees claimed separate bills of fees at the rate of two dollars per day each referee, for each appeal, and declined to deliver their order of affirmance till their fees were paid. Whereupon plaintiff paid their fees, at the rate of ninety-six dollars for each appeal, and took an assignment of their claim against the parties who had appealed; and now brought this action against one of them to recover ninety-six dollars, the sum claimed by the referees for his appeal.

Defendant's answer was, 1. That the referees were entitled to but two dollars each, per day, without reference to the number of appeals. 2. That there was a defect of parties defendant in not joining the other three appellants, who were jointly liable with defendant.

Before the commencement of this action, a writ of certiorari was issued by the supreme court to review the proceedings, and was still pending and undetermined.

The judge before whom the cause was tried, held that there was no defect of parties, and that plaintiff could recover the sum claimed from defendant.

*The supreme court,* at general term, on appeal, held that the statutes show a clear purpose, that, whatever be the number of appeals, there shall be but one set of referees, one hearing and one order; and, moreover, the statute compensation being a per diem allowance, the referees could only charge one rate for the days employed, without reference to the number of appeals. And they declared the separation of the appeal into several parts, for the purpose of enhancing the compensation of the referees, to be illegal.

They held, however, that the obligation of the several appellants, was joint and several, and that therefore, plaintiff having taken an assignment, from all the referees, of all that they could legally claim, could recover the whole from one of the appellants, alone, and that payment by him would be a satisfaction of the entire claim.

The defendant appealed to this court.

*Samuel Hand,* for defendant, appellant;—That in the absence of express stipulation, every obligation (except as to torts) is joint and and not several;—cited *Broom on Com. L.* 140 ; *Pars. on Contr.* 11 ; Foster *v.* Taylor, 3 *Campb.* 49 ; *Broom on Parties,* 119 ; *Chitt. on Pl.* 48. That the certiorari postpones the action ; People *v.* Flake, 14 *How. Pr.* 527 ; People *v.* Commissioners of Schodack, 27 *Id.* 158 ; Conover *v.* Devlin, 26 *Barb.* 429 ; Patchin *v.* Mayor, &c., 13 *Wend.* 664 ; Payfer *v.* Bissell, 3 *Hill,* 239.

*William G. Choate,* for defendant, respondent.

By the Court.—Grover, J.—The counsel for the appellant insists that the pendency of the certiorari suspends the right of the referees to collect their fees from the appellants until its determination, and cites, in support of the position, authorities showing that a certiorari stays the execution of orders in certain special proceedings. The statute (*L.* 1847, c. 455, § 9) provides that, where the order appealed from shall be affirmed, the fees of the referees shall be paid by the appellant, and, in case of reversal, by the county. The affirmance of the order by the referees gave them a *prima facie* right to recover their fees of the appellants; and the enforcement of this right is not, in any sense, the execution of the order. Consequently, this right is not suspended by suing out the certiorari.

The referees had the right to assign this demand, the same as any other; and the assignee can maintain an action for its recovery in his own name.

It appears, from the opinion of the general term, that the court held that the referees could only recover two dollars a day each for time spent in hearing all the appeals, and were not entitled to recover this sum from each appellant. In this conclusion, I think the court was clearly right. The language of section 9 (*supra*) is, that each referee shall be entitled to receive two dollars for every day employed in the hearing and decision of such appeal or appeals. The only compensation the referees are entitled to is that given by statute; and it is manifest that the statute only gives to a referee two dollars for each day employed

Disosway v. Winant.

in hearing the appeals. If this required any additional argument, that would be found in the fact that all these appeals presented the same question, and must all be decided in the same way, and that nothing was or could be pertinent to the determination of one that was not equally applicable to all. The same referees must, of necessity, dispose of all the appeals.

As above remarked, the general term so decided; but further held, that each appellant was jointly and severally bound, under the facts of the case, to pay the entire fees of the referees; and that, therefore, the judgment of ninety-six dollars in favor of the plaintiff must be affirmed, notwithstanding the appellant, in his answer, had set up the non-joinder of the other appellants. In this latter conclusion, I think the court erred.

It was undoubtedly competent for the referees to give each appellant a separate hearing, in which event each would be liable for the time occupied in the hearing of his particular appeal, although the question was the same in all. It will be seen from the statute that an appeal is given to any one conceiving himself aggrieved by the determination of the commissioners. The appellants may be very numerous. The language of the statute is, that the referees shall, in case the determination of the commissioners be affirmed, be paid by the party appealing. In the present case, where all the appeals were heard as one, I think the construction of the statute is, that all the appellants are to be regarded as the party appealing, and all jointly liable to pay the fees. The general term must have adopted this conclusion; for they held that all were jointly liable. The result would be the same, if the joint liability was deduced from the fact that, by the assent of the appellants, all were heard together as one appeal. This would make all jointly liable.

But how is a several liability for the whole fees created? Clearly not upon the latter ground; for where several unite in employing the services of others, where they have a common interest, a joint, but not several, liability to pay the compensation is created, whether the amount of compensation is fixed by law or not. A several liability for the payment of all the fees cannot be based upon the statute, for that makes each ap-

pellant liable for the payment of the fees of hearing his own appeal, but no liability for the hearing of the appeal of any other. It cannot, I think, be held that all the fees accrued for hearing the defendant's appeal, and none for hearing the other three; for this would place it in the power of the referees to compel any one of the four to pay all the fees without any remedy against the others.

My conclusion is, that, in the present case, the appellants were jointly, but not severally, liable for the fees; and that, therefore, the non-joinder of the others was an available defense. If wrong in this, and there is any several liability, that can only extend to the proportion devolving upon each, which, in the absence of proof, would be one-quarter. It will be the proper time to determine questions arising when separate appeals from portions of the order have been taken, when such a case is before the court.

The judgment appealed from should be reversed and a new trial ordered, costs to abide the event.

A majority of the judges concurred.

Judgment reversed, and a new trial ordered, costs to abide the event.